THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KENNETH F. FORSBERG,

Plaintiff,

v.

OCWEN LOAN SERVICING LLC,

Defendant.

CASE NO. C14-0383-JCC

ORDER

This matter comes before the Court on Plaintiff's first motion for a preliminary injunction (Dkt. No. 2), Defendant Ocwen Loan Servicing, LLC's ("Ocwen's") motion to dismiss, (Dkt. No. 19), Plaintiff's second motion for a preliminary injunction, (Dkt. No. 24), and Plaintiff's motion for joinder. (Dkt. No. 26) Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary, grants Defendant's motion to dismiss, dismisses the complaint without prejudice, and grants leave to Plaintiff to file an amended complaint in this case by August 22, 2014, that clearly states all of his claims for relief and any necessary underlying facts that support those claims. The Court also denies Plaintiff's motions for preliminary injunctions, and grants Plaintiff's motion for joinder.

Plaintiff filed a complaint on March 14, 2014. (Dkt. No. 1.) In it, he alleged that an

individual, Mr. Andrew Luebke,[1] employed as an agent of "Ocwen/GMAC," forcibly entered his property, damaged it, and took certain belongings. (Dkt. No. 1 at 2–3.) Plaintiff also alleges that Defendant breached its duty of care to Plaintiff in an undefined manner,[2] (Dkt. No. 1 at 3–4); that Defendant commenced improper foreclosure proceedings, (Dkt. No. 1 at 4); that GMAC fraudulently "substantially reformulated itself to become Ocwen by sale, merger, acquisition, bankruptcy, or dissolution," (Dkt. No. 1 at 4); that Defendant fraudulently promised Plaintiff that Defendant would refinance Plaintiff's loan, improperly "deactivated Plaintiffs [sic] ability to pay" his bills online, and Ocwen's website failed to reflect payments that he made. (Dkt. No. 1 at 5–6.)

At the same time that he filed his Complaint, Plaintiff filed a motion for a preliminary injunction, which included additional claims: that Defendant was sending improper and damaging correspondence to Plaintiff's property, (Dkt. No. 2 at 1–2); that Defendant improperly took actions that harmed Plaintiff's credit, (Dkt. No. 2 at 2–3); and that Defendant improperly listed the property as abandoned, and made wrongful communications to Plaintiff's homeowner insurer. (Dkt. No. 2 at 3–4.)

Defendant moved to dismiss all claims. (Dkt. No. 19.) In Plaintiff's response to that motion, he asserted new claims and made additional factual allegations. For instance, Plaintiff appears to assert a claim of negligent hiring, which may or may not be related to his original negligence claim. (Dkt. No. 22 at 4.) Plaintiff also alleges that Ocwen misrepresented itself as GMAC, (Dkt. No. 22 at 5); and that Ocwen and GMAC conspired to deprive Plaintiff of his property, (Dkt. No. 22 at 7).[3] Plaintiff also re-asserts that Ocwen fraudulently posted a Notice of

---

[1] Plaintiff did not assert any claims against Mr. Luebke.
[2] As will be explained below, Plaintiff asserts a number of separate negligence claims in his various filings, and it is not clear out of which set of facts his original negligence claim arises.
[3] It is not clear to the Court whether this claim arises out of a conspiracy to deprive Plaintiff of his real property, or the property that was allegedly taken by Mr. Luebke.

1   Default. (Dkt. No. 22 at 5.)

2          Plaintiff then filed a second motion for a preliminary injunction. (Dkt. No. 24.) In it, he

3   asserts claims of breach of contract, (Dkt. No. 24 at 2), further interference with a business

4   relationship, (Dkt. No. 24 at 2), and negligent misrepresentation, which may or may not be

5   related to his original negligence claim. (Dkt. No. 24 at 2.) Some of these—such as the breach of

6   contract claim—appear to be based on new factual allegations not included within the

7   Complaint, as they relate to Defendant's failure to maintain Plaintiff's homeowner's insurance.

8   (*See* Dkt. No. 24 at 3.)

9          Plaintiff then moved to join GMAC Mortgage, LLC ("GMAC") and Home Ally

10  Financial II, LLC as Defendants in this action. (Dkt. No. 26.) He appears to assert additional

11  claims, both against those potential defendants, and against Ocwen, regarding the transfer of an

12  interest in his property to Home Ally Financial II, LLC.

13  **I.   DISCUSSION**

14       **A.   Motion to Dismiss**

15          A party may move to dismiss a claim or complaint that fails to state a claim upon which

16  relief may be granted. Fed. R. Civ. P. 12(b)(6). Federal Rule of Civil Procedure 8(a)(2) requires

17  that a plaintiff plead "a short and plain statement of the claim showing that the pleader is entitled

18  to relief." The complaint must "give defendants a fair opportunity to frame a responsive

19  pleading," and "give the court a clear statement" of the claims. *McHenry v. Renne*, 84 F.3d 1172,

20  1174 (9th Cir. 1996). Thus, the complaint must "contain sufficient factual matter, accepted as

21  true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678

22  (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory

23  statements, do not suffice." *Id.* A claim is facially plausible when the "plaintiff pleads factual

24  content that allows the court to draw the reasonable inference that the defendant is liable for the

25  misconduct alleged." *Id.* In making this assessment, the Court accepts all facts in the complaint

26  as true. *Barker v. Riverside Cnty. Office of Educ.*, 584 F.3d 821, 824 (9th Cir. 2009). However,

1    the Court need not accept the plaintiff's legal conclusions. *Iqbal*, 556 U.S. at 678. Finally, the

2    Court dismisses a claim with prejudice only where the pleading could not be cured by the allegation

3    of other facts. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000). The Court notes that, on a motion

4    to dismiss, the Court will not consider new facts alleged in motion papers. Plaintiff asks that the

5    Court shift the burden of proof on this motion to Defendant. (*see* Dkt. No. 22 at 9.) However,

6    Defendant already has the burden of proof, and the Court must draw all reasonable inferences in

7    Plaintiff's favor. Moreover, contrary to Plaintiff's understanding, he need not wait until

8    discovery has commenced before he alleges facts to support his claims. Here, while Plaintiff has

9    repeatedly updated both his claims and the factual allegations underlying them, Plaintiff seems to

10   have three primary factual complaints: first, that an individual associated with GMAC, Mr.

11   Andrew Luebke, broke into his property, causing damage and taking property; second, that

12   Plaintiff has had difficulty using Defendant's online payment system; and third, that Defendant

13   reneged on an offer to refinance his mortgage.

14        Generally, in Washington, the test for successor liability in a non-product liability case

15   "includes analysis of (1) whether the second corporation agreed to assume the debts of the first;

16   (2) whether the new corporation was merely a consolidation or merger of the companies; (3)

17   whether the transfer is one which is intended to defraud creditors; and (4) whether the second

18   corporation is merely the reorganization of the first." *Thornton v. Interstate Sec. Co.*, 666 P.2d

19   370, 375 (Wash. Ct. App. 1983). Here, Plaintiff attached a police report to his Complaint, under

20   Rule 10(c), stating that Mr. Luebke was acting as the agent of GMAC when he entered Plaintiff's

21   property. (*See* Dkt. No. 1 at 10–11.) Nowhere does Plaintiff allege that Mr. Luebke was acting as

22   an agent for Ocwen. Accordingly, the Court must determine whether Plaintiff has alleged

23   sufficient facts for the Court to find it plausible that Ocwen is liable for the actions of Mr.

24   Luebke, GMAC's agent, because Ocwen is GMAC's successor. The only allegations in the

25   Complaint that support finding successor liability are that "Defendant's predecessor is [GMAC,]

26   a corporation in dissolution"; that "[a]s part of a corporate dissolution in bankruptcy GMAC had

assigned its assets to Ocwen for purposes of this action," (Dkt. No. 1 at 2, ¶ 2.5); and that "GMAC substantially reformulated itself to become Ocwen by sale, merger, acquisition, bankruptcy, or dissolution," (Dkt. No. 1 at 4, ¶ 7.1), and the purpose of this reformulation "was to continue business and/or profit from the business." (Dkt. No. 1 at 4, ¶ 7.2.)

First, Plaintiff makes no allegations regarding Ocwen agreeing to assume Defendant's debts. Second, Plaintiff does not allege that there was a "consolidation or merger" of the companies, in part because Defendant does not allege that Ocwen bid its own stock when allegedly purchasing GMAC's assets. *See Uni-Com Northwest, Ltd. V. Argus Pub. Co.*, 737 P.2d 304, 312 (Wash. Ct. App. 1987) ("The second exception, a de facto consolidation or merger . . . only occurs when the consideration flowing to the selling corporation is shares of the purchasing corporation's stock, as opposed to cash."). Third, Plaintiff's allegations are not sufficient for the Court to find it "plausible" that Ocwen's purchase of GMAC's assets—or GMAC's alleged bankruptcy—was intended to defraud creditors, or any other party, as there are no factual allegations that support that inference. Fourth, Plaintiff makes no factual allegations such that the Court can find it plausible that Ocwen is merely a reorganization of GMAC: Plaintiff makes no allegations of common identity between the corporate officers, the board of directors, or the owners, or of any other facts that support his assertion. The only connection between the two companies is that some of GMAC's assets were allegedly purchased by Ocwen, and that a single agent "sometimes claimed to be GMAC and sometimes Ocwen." (Dkt. No. 1 at 5, ¶ 8.1.) But those allegations are insufficient for the Court to find it plausible that Ocwen and GMAC are effectively the same entity. Thus, Plaintiff has not pleaded sufficient facts for the Court to find that Ocwen is liable for the actions of GMAC's agents.

Plaintiff also alleges that Defendant engaged in fraud. Under Federal Rule of Civil Procedure 9(b), a plaintiff alleging fraud must "state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). Rule 9(b)'s heightened pleading standard requires a plaintiff to include in his or her complaint the "who, what, when, where, and how" of the fraud.

*Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003). In Washington, a fraud

claim has nine elements:

> (1) Representation of an existing fact; (2) materiality; (3) falsity; (4) the speaker's knowledge of its falsity; (5) intent of the speaker that it should be acted upon by the plaintiff; (6) plaintiff's ignorance of its falsity; (7) plaintiff's reliance on the truth of the representation; (8) plaintiff's right to rely upon it; and (9) damages suffered by the plaintiff.

*Stieneke v. Russi*, 190 P.3d 60, 69 (Ct. App. Wash. 2008) (quoting *Stiley v. Block*, 925 P.2d 194

(Wash. 1996)). Here, Plaintiff has not stated a claim for relief for fraud under Rule 9's

heightened pleading standard. To the extent Plaintiff's fraud claim rests on the deactivation of

Defendant's website, Plaintiff does not allege a misrepresentation made by Defendant, let alone a

fraudulent one. To the extent Plaintiff's fraud claim rests on the allegation that the website

improperly failed to reflect payments made, Plaintiff does not plead any facts that suggest the

speaker's knowledge of the statement's falsity, the intent of the speaker that it should be acted on

by Plaintiff, or Plaintiff's ignorance of its falsity. To the extent Plaintiff's fraud claim rests on the

allegation that Defendant wrongfully promised Plaintiff a loan modification, Plaintiff does not

state how he relied on that statement or was damaged by it. Moreover, he does not establish that

the statement was a misrepresentation "of an existing fact" as opposed to a "statement as to

future performance." *Shook v. Scott*, 353 P.2d 431, 433–34 (Wash. 1960). Accordingly, Plaintiff

has not pleaded the circumstances constituting fraud "with particularity." Fed. R. Civ. P. 9(b).

The Court finds that Plaintiff's other claims are also insufficiently pleaded. First, it is not

clear to the Court what factual allegations underlie Plaintiff's claim of negligence, as Plaintiff

does not explain on what acts or omissions he bases that claim. (*See* Dkt. No. 1 at 3–4.) In the

alternative, the Court finds that, for the reasons stated above, Plaintiff has not demonstrated that

Ocwen is liable for Mr. Luebke's actions.[4] Second, Plaintiff has not stated a claim for improper

---

[4] The Court bases this ruling on Defendant's assumption that the negligence claim arises out of Mr. Luebke's actions; but because Plaintiff asserted a number of different potential

foreclosure, because he does not explain how Defendant's alleged posting of a Notice of Default was improper; he points to no statutory provision or other law that was violated. (*See* Dkt. No. 1 at 4.) Third, Plaintiff does not put forward any facts that demonstrate that there was a fraudulent conveyance or "improper transfer": Plaintiff does not explain the legal basis for his claim, or even whether it is a federal or state law claim, making it impossible for the Court to determine the nature of Plaintiff's improper transfer claim. Moreover, assuming the claim is a federal bankruptcy fraudulent transfer claim, Plaintiff does not explain how he has standing to assert the claim, or why he is asserting it in a non-bankruptcy context. *See* 11 U.S.C. § 548(a) (a bankruptcy code provision stating that a bankruptcy trustee "may avoid any transfer" made by a debtor if the transfer is fraudulent). Finally, Plaintiff does not set forth any facts to support a claim of fraudulent conveyance under Washington law, as he asserts no facts in his complaint such that the Court could find it plausible that the transfer was fraudulent, particularly under Rule 9(b)'s heightened pleading standard. *See, e.g.*, *Aqua-Chem, Inc. v. Marine Systems, Inc.*, Case No. C13-2208-JLR, Dkt. No. 17 at 11, 2014 WL 795922 at *6 (W.D. Wash. Feb. 27, 2014) ("[The Rule 9(b)] standard applies to fraudulent transfer actions and to cases originally filed in state court.").

Moreover, in his response, Plaintiff only responded to Defendant's arguments related to whether Ocwen may be treated as a successor to GMAC, (*see* Dkt. No. 22 at 7–12), and so the Court, in the alternative, finds that Plaintiff has waived any arguments against dismissing the claims for which that argument is not relevant. *See* W.D. Wash. Local Civ. R. 7(b)(2) ("Except for motions for summary judgment, if a party fails to file papers in opposition to a motion, such failure may be considered by the court an admission that the motion has merit.")

Plaintiff has not stated a claim for relief. However, because Plaintiff is proceeding *pro se*, the Court dismisses all claims without prejudice to Plaintiff filing an amended Complaint by

negligence claims in his various filings, it is not clear to the Court that Defendant is correct as to the basis of that claim.

1    August 22, 2014.

2       **B.  Motion for Joinder of Parties**

3       Plaintiff is proceeding *pro se*, and the Court interprets his filings liberally. In this case,

4    the Court construes Plaintiff's motion for joinder as a motion to file an amended complaint that

5    includes new defendants. *See Desert Empire Bank v. Ins. Co. of N. Am.*, 623 F.2d 1371, 1374

6    (9th Cir. 1980) (a plaintiff's petition to amend its pleadings to add a new defendant "brings into

7    consideration Rules 15 and 20 of the Federal Rules of Civil Procedure"). Under Rule 20(a)(2), a

8    party may be joined as a defendant if a right to relief is asserted against the original defendant

9    and the new defendant jointly, severally, or in the alternative with respect to or arising out of the

10   same transaction or occurrence, Fed. R. Civ. P. 20(a)(2)(A), and there is a question of law or fact

11   common to all defendants. Fed. R. Civ. P. 20(a)(2)(B). Here, Plaintiff appears to be asserting that

12   the claims against the parties he seeks to join as defendants arise out of the same acts or

13   occurrences as those alleged in his original complaint against Ocwen—allegedly improper

14   actions taken to prevent him from properly paying off his loan—but he is not entirely sure who is

15   at fault. (*See* Dkt. No. 1.) Accordingly, he is asserting claims in the alternative. The same facts

16   appear to be at issue with respect to all defendants, depending on which defendants were

17   involved in the allegedly fraudulent actions and transfers. Moreover, the Court finds that justice

18   requires that the Court grant Plaintiff leave to amend his complaint to add new defendants under

19   Rule 15(a)(2). See Fed. R. Civ. P. 15(a)(2). Accordingly, the Court GRANTS Plaintiff leave to

20   file an amended complaint that includes new Defendants. However, if Plaintiff does file an

21   amended complaint with new defendants, he must clearly explain what claims he is asserting

22   against each separate defendant, and the basis of those claims.

23       **C.  Motions for Preliminary Injunctions**

24       "A preliminary injunction is an 'extraordinary and drastic remedy.'" *Munaf v. Geren*,

25   553 U.S. 674, 689–90 (2008) (quoting 11A C. Wright, A. Miller, & M. Kane, Federal Practice

26   and Procedure § 2948, p. 129 (2d ed. 1995)). It is "never awarded as of right." *Id.* at 690. Instead,

1  a party seeking a preliminary injunction has the burden of establishing "that he is likely to

2  succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary

3  relief, that the balance of equities tips in his favor, and that an injunction is in the public

4  interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). As Defendant

5  correctly notes, "[m]ere financial injury . . . will not constitute irreparable harm if adequate

6  compensatory relief will be available in the course of litigation," *Goldie's Bookstore, Inc. v.*

7  *Superior Ct. of State of Cal.*, 739 F.2d 466, 471 (9th Cir. 1984), and "[s]peculative injury does

8  not constitute irreparable injury." *Id.* at 472. Preliminary injunctions are rarely granted, and in

9  this case, Plaintiff has not satisfied his burden of proving irreparable injury, as the injuries he

10  alleges can be remedied through an award of money damages. Nor has Plaintiff satisfied his

11  burden of proving the likelihood of success on the merits, as he submits limited and ambiguous

12  evidence to support his requests for preliminary injunctions: 1) Plaintiff submitted no evidence

13  whatsoever in support of his first motion for a preliminary injunction; 2) weighing the evidence

14  submitted with Plaintiff's second motion for a preliminary injunction, Plaintiff has still not

15  shown a likelihood of success on the merits, as the evidence submitted does not demonstrate that

16  it is likely that Defendant has breached any contract, or is obligated in to take the actions that

17  Plaintiff requests. Finally, a number of his requests—such as his request for an injunction

18  enforcing the terms of a contract—are divorced from the conduct complained of in the

19  Complaint, and so the Court may not grant him a preliminary injunction in any case. *See De*

20  *Beers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945) (holding that it is inappropriate

21  to preliminarily enjoin conduct "which in no circumstances can be dealt with in any final

22  injunction that may be entered").

23  **II.     CONCLUSION**

24        For the foregoing reasons, Plaintiff's motions for preliminary injunctions, (Dkt. Nos. 2 &

25  24) are DENIED. Defendant's motion to dismiss, (Dkt. No. 19), is GRANTED, and all claims

26  are DISMISSED without prejudice. Plaintiff's motion to join certain parties as defendants, (Dkt.

No. 26), is GRANTED. Plaintiff is GRANTED LEAVE file an amended complaint that clearly lays out all of his claims and the factual allegations underlying each claim, and that includes all defendants against whom he asserts a claim, on or before August 22, 2014.[5] Plaintiff is advised that the Court will not address any claims for relief unless those claims are pleaded in a complaint.

DATED this 18th day of July 2014.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

---

[5] Plaintiff earlier stated that he was having difficulty drafting certain documents in time to meet the Court's deadlines. The Court notes that there is a mechanism to ask for an extension of time under the Local Rules. *See* W.D. Wash. Local Civ. R. 7(j).