UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KEN FORSBERG,<br><br>                      Plaintiff,<br><br>  v.<br><br>OCWEN LOAN SERVICING, LLC; MTC FINANCIAL, INC. dba TRUSTEE CORPS; NORTHWEST TRUSTEE SERVICES, INC.,<br><br>                      Defendants. | Case No. 14-00383-JCC<br><br>**AMENDED** COMPLAINT FOR VIOLATIONS OF THE CONSUMER PROTECTION ACT, VIOLATIONS OF THE REQUIREMENTS OF THE DEED OF TRUST ACT, NEGLIENT AND/OR INTENTIONAL MISREPRESENTATION, AND UNJUST ENRICHMENT |

## I. PARTIES

1.1    Plaintiff KEN FORSBERG is currently a resident of Snohomish County, Washington, and he pleads the following allegations, state that those allegations are true of his own knowledge, except as to matters stated on information and belief, and as to those matters, he believes them to be true.

1.2    Mr. Forsberg is the owner of real property located at 2405 W. College Ave, Spokane, Washington 99201 (hereinafter referred to as the "Property").

1.3    Defendant Ocwen Loan Servicing, LLC ("Ocwen") is a corporation incorporated in the State of Delaware. Defendant Ocwen describes itself as the "industry

AMENDED COMPLAINT - 1
14-00383-JCC

LAW OFFICES OF
**MELISSA A. HUELSMAN, P.S.**
705 SECOND AVENUE, SUITE 601
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 447-0103
FACSIMILE: (206) 447-0115

leader in servicing high-risk loans." *Our Company*, OCWEN FIN. CORP. (Dec. 28, 2012), http://www.ocwen.com/our-company. Ocwen acquired servicing rights from the Bankruptcy Trustee in the bankruptcy of GMAC Mortgage, LLC ("GMAC"). GMAC was the former servicer of Mr. Forsberg's mortgage loan on the Property and as part of a larger bankruptcy case filed by its parent company, it was under Chapter 11 bankruptcy protection in May 2012. Ocwen acquired the servicing rights in November 2012. In its role as mortgage loan servicer, Ocwen collects mortgage payments on loans which are secured by real property located in the State of Washington on behalf of other entities, including securitized trusts. Mr. Forsberg maintains, based upon information and belief, that Ocwen was the entity whose employees and/or agents wrongfully accessed Mr. Forsberg's Property. Further, Mr. Forsberg maintains that Ocwen was the only entity that communicated with the foreclosing trustee and commenced a nonjudicial foreclosure proceeding against the Property without the requisite authority to do so under Washington law. The foreclosure should have been initiated by the actual "beneficiary" and loan owner as required by the Washington Deed of Trust Act. RCW 61.24.005 and RCW 61.24.030(7).

1.4   Defendant Trustee Corps is a "dba" of MTC Financial, Inc. a Washington corporation which is registered with the Washington Secretary of State. The officers of MTC are identified in Secretary of State records from 2012 as President/Chairman/Director Rande Johnson and Secretary/Treasurer/Director Terry Johnsen, with addresses in Santa Ana, California. A Vice President named Luis Ruelas is listed with an address at 17100 7th Avenue, Seattle, Washington. Presently, the Johnsens are using an address in Irvine, California and Mr. Ruelas is still listed with the address in Seattle. However, Mr. Forsberg maintains, based upon information and belief, that Mr. Ruelas nor any other Washington resident is actually an officer

AMENDED COMPLAINT - 2
14-00383-JCC

LAW OFFICES OF
**MELISSA A. HUELSMAN, P.S.**
705 SECOND AVENUE, SUITE 601
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 447-0103
FACSIMILE: (206) 447-0115

of MTC Financial. Rather, Mr. Ruelas' name is used in order to give the appearance of complying with the requirements of the DTA that a trustee be a Washington corporation with one of its officers residing in the state. RCW 61.24.010. All of the operations of Defendant Trustee Corps were conducted in California, consistent with the fact that the true officers of the company reside in California. In spite of the fact that Defendant Trustee Corps was not compliant with the requirements of the DTA, it nevertheless has acted as a foreclosing trustee in Washington in connection with an attempted foreclosure of the Property and in connection with the foreclosures of others.

1.5   Defendant NORTHWEST TRUSTEE SERVICES, INC. ("NWTS") is a professional corporation which is incorporated in the State of Washington. It is believed that documents recorded in the records of Spokane County, Washington purport to appoint Defendant NWTS as the Trustee for purposes of conducting the foreclosure sale of Mr. Forsberg's Property. Defendant NWTS prepared and recorded the Notice of Trustee's Sale that is the subject of this lawsuit.

1.6   At all times mentioned herein, the Defendants, and each of them, were the agents, servants, representatives and/or employees of each of the remaining Defendants and were acting within the course and scope of such agency or employment. The exact terms and conditions of the agency, representation or employment relationships are presently unknown to Plaintiffs, but when the information is ascertained, leave of court will be sought to insert the appropriate allegations.

## II. FACTUAL ALLEGATIONS

2.1   Mr. Forsberg is the owner of the Property and has been for several years. He purchased the Property years ago with monies for the down payment from the sale of another

AMENDED COMPLAINT - 3
14-00383-JCC

LAW OFFICES OF
**MELISSA A. HUELSMAN, P.S.**
705 SECOND AVENUE, SUITE 601
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 447-0103
FACSIMILE: (206) 447-0115

piece of real property.  The Property is a duplex and he purchased it in order to reside there and to rent the other unit to his brother.  They lived in the duplex for several years in this fashion.  Mr. Forsberg obtained a loan to finance the rest of the purchase price from Homecomings Financial Network, Inc. in June 2004 and he signed a Promissory Note payable to Homecomings in connection with that loan. (Homecomings has also since ceased doing business.)  He also signed a Deed of Trust listing Homecomings as the "Lender" and MERS as the "beneficiary" and nominee for Homecomings.

  2.2 At some point during the time period that the loan was being serviced and Mr. Forsberg was receiving monthly statements, the payee changed from Homecomings to GMAC.  Mr. Forsberg had no way of knowing the reason for the change, but he did make his payments to GMAC as a result of the notices that he received instructing him to do so.  However, in Fall 2010, he began to experience financial problems and began speaking with representatives at GMAC about avoiding foreclosure.  He was told by these representatives that he needed to be more than two months behind on the payments in order to qualify for a loan modification so he stopped making payments.  He submitted the paperwork he was sent by GMAC and continued to call in, but got the constant runaround.  Sometime late in 2010, he received another default notice from GMAC and when he called in, he was told to just "pay up" as the only way to avoid foreclosure, so he did bring the loan current.

  2.3 By this time, Mr. Forsberg was not living at the Property and was trying to rent out the units, but he was traveling back and forth a great deal from the Everett area, where he was living, to Spokane in order to care for his parents.  He fell behind on mortgage payments again in January 2011 and was in communication with GMAC about a loan modification.  He submitted a package in April 2011 for review and consideration.  He submitted packages for

AMENDED COMPLAINT  - 4
14-00383-JCC

LAW OFFICES OF
**MELISSA A. HUELSMAN, P.S.**
705 SECOND AVENUE, SUITE 601
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 447-0103
FACSIMILE: (206) 447-0115

both his first and second position liens, as they were both being serviced by GMAC. In July 2011, Mr. Forsberg was told by GMAC to contact a credit counselor and go through a review in order to be approved for a loan modification. He then received a loan modification offer on the second mortgage but in order to accept it, he would have had to make a large down payment that would have made it impossible for him to pay his living expenses. He was having trouble during this time with the renters in the Property and had had to spend money to evict some problem tenants.

2.4   Mr. Forsberg told GMAC why he couldn't accept the second mortgage modification, but stressed that he really wanted one on the first mortgage, which he would be able to pay once he got new tenants in the Property. It had appeared that the second mortgage modification was a requirement in order to get a first mortgage modification. When suddenly, GMAC rescinded the offer on the second mortgage and provided him with a loan modification on the first mortgage loan. He began making those payments in August 2011.

2.5   Mr. Forsberg made those modified payments until April 2012 but fell behind again because of other financial problems. He called GMAC to see what could be worked out but he also asked that all notices be sent to his home address in Edmonds (he was staying with his girlfriend at that time) because they scared the tenants if they were mailed to the Property. He was in regular communication with GMAC and/or Ocwen during 2012 about the default, but in spite of that fact, and the fact that he regularly visiting the Property because he stayed there when in Spokane caring for his parents, Andrew Luebke, an agent of Ocwen, broke into the Property. Mr. Forsberg knows that it was Mr. Luebke and that he broke in on October 14, 2012 because he left notes all over the Property identifying himself and the date that he was there. Mr. Forsberg discovered it on October 24, 2012 when he came over to Spokane to see

AMENDED COMPLAINT - 5
14-00383-JCC

LAW OFFICES OF
**MELISSA A. HUELSMAN, P.S.**
705 SECOND AVENUE, SUITE 601
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 447-0103
FACSIMILE: (206) 447-0115

his parents and to try to rent the other unit. Missing from the Property was a guitar and the light timer, which Mr. Forsberg was using to keep lights on in the unit. The deadbolt on one of the doors had been changed, but Mr. Forsberg was able to access the building through another door. He advised people at Ocwen about the damage and the missing items, to no avail.

2.6 Mr. Forsberg had been served with a Notice of Default at the Property on or about October 16, 2012 by Defendant NWTS. That NOD demanded payment for the arrears on the loan, which was delinquent by about seven months at that time. Mr. Forsberg did not make the payment demanded within the thirty (30) days permitted by the statute. By December 2012, Mr. Forsberg was living in the Property and trying to make repairs and get another tenant. He was communicating with Ocwen about getting a loan modification and was sending in packages for review. On or about December 28, 2012, an employee of Defendant NWTS signed a Notice of Trustee's Sale ("NOTS") and caused it to be served upon the Property setting a sale date for May 10, 2013. (The signature was not dated but indicated that it was "effective" on 12/28/12.) The NOTS read that NWTS was pursing the nonjudicial foreclosure sale on behalf of GMAC Mortgage, LLC pursuant to "an Assignment/Successive Assignments" that was recorded in the records of Spokane County, Washington. However, Defendant NWTS certainly knew that GMAC Mortgage, LLC had ceased to exist as a result of the bankruptcy and that Ocwen had acquired the servicing rights from the bankrupt entity in November 2012. Mr. Forsberg maintains, based upon information and belief, that Defendant NWTS relied upon a Beneficiary Declaration in issuing the NOTS that it knew was untrue because Ocwen was the servicer and the loan owner remains unidentified at this time.

2.7 Mr. Forsberg called again to Ocwen in January 2013 and spoke to someone there who asked again for him to send in another packet. He agreed to send one in but also

AMENDED COMPLAINT - 6
14-00383-JCC

LAW OFFICES OF
**MELISSA A. HUELSMAN, P.S.**
705 SECOND AVENUE, SUITE 601
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 447-0103
FACSIMILE: (206) 447-0115

received the NOTS at the Property on or about January 2, 2013.  His new tenant found the Notice and was bothered by it, but he was able to smooth things over.  By April 2013, Mr. Forsberg was able to bring the loan current and stop the foreclosure from proceeding.  He was required to pay trustee fees to Defendant NWTS that he maintains were not reasonable, as required under the DTA.  He was also required to pay unreasonable and unearned "fees" to Defendant Ocwen in order to prevent the foreclosure sale from occurring.  Mr. Forsberg was able to stay current on the loan until sometime in June 2014, when he fell behind again.   He is currently trying to obtain a loan modification again from the servicer, Defendant Ocwen, but for every amount of money that he has paid for unreasonable and unearned fees and costs, it diminishes his ability to get the Property back to current.

2.8  Meanwhile, because Mr. Forsberg was delinquent on the second mortgage loan, he received a Notice of Default ("NOD") from Defendant Trustee Corps on behalf of the purported owner of the second mortgage loan.  The NOD was signed and dated May 23, 2014; however, it indicated that the foreclosure was being done by Trustee Corps as a the "Duly Appointed Successor Trustee" on behalf of Creditor Home Ally (sic) Financial II, LLC.  On the first page of the NOD, it reads that the foreclosure is being done by MERS, as designated nominee for GMAC Mortgage, LLC, an entity that has not existed for at least two or three years.

2.9  All of the contact information provided for Defendant Trustee Corps identifies the address in Irvine, California.  The only contact information listed for the Defendant in Washington is the Seattle address, which is only to be utilized for tendering reinstatements.  This demonstrates exactly what Mr. Forsberg alleges about Defendant Trustee Corps' business model – it does not actually have an officer who resides in the State of Washington and it does

AMENDED COMPLAINT  - 7
14-00383-JCC

LAW OFFICES OF
**MELISSA A. HUELSMAN, P.S.**
705 SECOND AVENUE, SUITE 601
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 447-0103
FACSIMILE: (206) 447-0115

not have an address in Washington state where the foreclosure activity actually occurs. The "Foreclosure Department" is identified as located in Irvine, California and communications about the debt are directed to that address as well. The person signing the document is identified as Matthew Kelley, Trustee Sales Officer, presumably an employee located in California where Defendant Trustee Corps is actually doing business, in contravention of Washington law. RCW 61.24.031. Further, the NOD does not include the name, address and phone number of the loan owner, as required under the DTA, and it does not include the name, address and phone number for the loan servicer. RCW 61.24.030(8).

2.10   Mr. Forsberg has suffered damages as a result of all of the actions of the Defendants herein. He has lost personal property that was taken from the Property at the behest of Defendant Ocwen. He has been required to pay unearned and unreasonable fees and costs associated with the attempts at nonjudicial foreclosure in 2012 and 2013. It is especially important that he be permitted to recover the foreclosure fees and costs because Defendant NWTS was never properly appointed as a trustee by the noteholder or beneficiary and loan owner, and, based upon information and belief, it relied upon a false Beneficiary Declaration that it knew to be false. It was not entitled to any fees and costs. Further, Defendant Trustee Corps is presently trying to nonjudicially foreclose on the Property when it is not in compliance with Washington law and does not have the legal authority to do so. Mr. Forsberg has been required to pay for further investigation of his claims and has incurred travel costs and expenses associated therewith.

//

//

//

AMENDED COMPLAINT  - 8
14-00383-JCC

LAW OFFICES OF
**MELISSA A. HUELSMAN, P.S.**
705 SECOND AVENUE, SUITE 601
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 447-0103
FACSIMILE: (206) 447-0115

# III. CAUSES OF ACTION

First Cause of Action
Violation of the Consumer Protection Act
as Against All of the Defendants

3.1    Plaintiff incorporates herein by reference as though fully set forth at length each and every allegation and statement contained in Paragraphs 1 through 2.10, inclusive, of the Factual Allegations.

3.2    All of the Defendants have made numerous misrepresentations about the ownership of the Promissory Note and the "beneficiary" as defined by the Deed of Trust Act, as well as the identify of the owner of the beneficial interest in their Deed of Trust as described more particularly above.  This is true for the first position lien and the second position lien.  This information impacts the determination as to who has the legal right to attempt to foreclose on Mr. Forsberg's Property.  Mr. Forsberg maintain, based upon information and belief, that these entities have repeatedly engaged in making such misrepresentations to other Washington homeowners and/or there is a substantial likelihood that they will do so in the future. .

3.3    In addition, Defendant Ocwen, acting through its agent Andrew Luebke, caused an illegal break-in at Mr. Forsberg's Property when it had no legal right to do so.  The Property was occupied and Mr. Forsberg was in communication with the loan servicer, Defendant Ocwen.  In addition, Defendant Ocwen's agent stole items from the Property.  Based upon information and belief, Mr. Forsberg maintains that Defendant Ocwen and its agents have done the same thing to numerous other residents of the State of Washington.

3.4    All of these Defendants have engaged in a pattern of unfair and deceptive business practices in violation of the Washington Consumer Protection Act, RCW 19.86 *et seq.*, as more particularly described above in this Cause of Action and in the Factual Statement.

AMENDED COMPLAINT  - 9
14-00383-JCC

LAW OFFICES OF
**MELISSA A. HUELSMAN, P.S.**
705 SECOND AVENUE, SUITE 601
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 447-0103
FACSIMILE: (206) 447-0115

All of these violations of the CPA by all of these Defendants entitle Plaintiffs to damages, treble damages and reasonable attorney fees and costs pursuant to the statute, as well as permanent injunctive relief to make certain that other Washington consumers are not similarly harmed by the actions of these Defendants.

Second Cause of Action
Breach of the Duties under the Deed of Trust Act
as Against Defendants NWTS and Trustee Corps

3.5     Plaintiff incorporates herein by reference as though fully set forth at length each and every allegation and statement contained in Paragraphs 1 through 2.10, inclusive, of the Factual Allegations, and Paragraphs 3.1 through 3.4, inclusive, of Causes of Action above.

3.6     Defendants NWTS and Trustee Corps have clearly articulated duties under the Deed of Trust Act, RCW 61.24, *et seq.*, as purported trustees, not the least of which is strict compliance with the terms of the statute.  In spite of their statutorily imposed duty to act in "good faith to the borrower, beneficiary, and grantor", RCW 61.24.010(4), these Defendants have not acted in good faith with regard to the initiation of the two separate foreclosure proceedings regarding Mr. Forsberg's Property and making certain demands for payment of monies which are unearned and unreasonable.  Further, the statute makes clear that a trustee may be liable for its "failure to materially comply with the provisions of this chapter".  RCW 61.24.127(1)(c).

3.7     These Defendants did not adhere to their duties of good faith to Mr. Forsberg and they have not materially complied with the provisions of the DTA.  The Notice of Trustee Sale and related documents issued by Defendant NWTS did not include the identification of the actual "beneficiary" as evidenced by the fact that the identified beneficiary had ceased to exist. The DTA defines "beneficiary" for purposes of that Act as "holder of the instrument or

AMENDED COMPLAINT  - 10
14-00383-JCC

LAW OFFICES OF
**MELISSA A. HUELSMAN, P.S.**
705 SECOND AVENUE, SUITE 601
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 447-0103
FACSIMILE: (206) 447-0115

document evidencing the obligations secured by the deed of trust, excluding persons holding the same as security for a different obligation." RCW 61.24.005(2).

3.8    In spite of the fact that Defendant NWTS had not apparently been appointed as the Successor Trustee by the Note Holder, it initiated a foreclosure action in its purported capacity as a trustee by causing to be signed and served upon Mr. Forsberg a Notice of Default and a Notice of Trustee's Sale with incorrect information. The NOTS was recorded in the records of Spokane County, Washington.  Mr. Forsberg maintains, based upon information and belief, that the only persons or entities from whom Defendant NWTS has ever received instruction regarding the mortgage loan is Defendant Ocwen, and that it has not had a single communication in any form from an actual employee and/or officer of the "beneficiary", advising it to initiate the foreclosure sale or perform any other task, nor has it received any instruction or direction from the actual Note Holder. Therefore, Mr. Forsberg maintains that Defendant NWTS is in breach of its duties as a purported trustee under the Deed of Trust Act and is therefore liable to them for those actions.

3.9    Defendant Trustee Corps is not in compliance with requirements of the Deed of Trust Act regarding who may act as a foreclosing trustee and it has not provided accurate and truthful, and statutorily required information in the Notice of Default, including the identity of the loan owner.  Moreover, it has made a demand for amounts which are unearned and unreasonable in order to cure the default.  Therefore, it has breached its duties to Mr. Forsberg and of adherence to the requirements of the DTA.

<u>Third Cause of Action</u>
<u>Intentional and/or Negligent Misrepresentations against</u>
<u>All of the Defendants</u>

3.10    Plaintiff incorporates herein by reference as though fully set forth at length each

AMENDED COMPLAINT  - 11
14-00383-JCC

LAW OFFICES OF
**MELISSA A. HUELSMAN, P.S.**
705 SECOND AVENUE, SUITE 601
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 447-0103
FACSIMILE: (206) 447-0115

and every allegation and statement contained in Paragraphs 1 through 2.10, inclusive, of the Factual Allegations, and Paragraphs 3.1 through 3.9, inclusive, of Causes of Action above.

3.11   Plaintiff maintains, as more particularly described above, that all of the Defendants have made numerous intentional and/or misrepresentations regarding their various relationships to Mr. Forsberg' mortgage loan.

3.12   These Defendants have intentionally misrepresented the identities of the true Note Holder and its ability to foreclose on Mr. Forsberg' Property.

3.13   All of these Defendants have made numerous misrepresentations about the identity of the Note Holder, the foreclosing trustee and the entire foreclosure process, as noted more particularly above.

### Third Cause of Action
### Unjust Enrichment Against Defendant Ocwen

3.14   Plaintiff incorporates herein by reference as though fully set forth at length each and every allegation and statement contained in Paragraphs 1 through 2.10, inclusive, of the Factual Allegations, and Paragraphs 3.1 through 3.13, inclusive, of Causes of Action above.

3.15   Mr. Forsberg maintains that Defendant Ocwen, acting through its agent, was unjustly enriched by the breakin at his Property and the taking of his personal property contained therein, to his detriment.

### IV.  PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for relief as follows:

1.   General damages in an amount to be determined at trial;

2.   Treble damages for each and every violation of the Consumer Protection Act, plus attorney fees and costs;

AMENDED COMPLAINT  - 12
14-00383-JCC

LAW OFFICES OF
**MELISSA A. HUELSMAN, P.S.**
705 SECOND AVENUE, SUITE 601
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 447-0103
FACSIMILE: (206) 447-0115

3. Damages, including emotional distress, by the conduct of the Defendants in an amount to be fully proved at the time of trial;

4. Injunctive relief which may be available under the CPA against the Defendants prohibiting them from engaging in the prohibited acts in the future;

5. Injunctive relief by prohibiting the foreclosure of the Residence by any entity or person until further order of this Court;

6. The value of lost use of Plaintiff's monies, past and future, according to proof at time of trial; and

7. For such other and further relief as the Court deems equitable and just.

Dated this 23rd day of August, 2014.

LAW OFFICES OF MELISSA A. HUELSMAN, P.S.

*/s/ Melissa A. Huelsman*_____
Melissa A. Huelsman, WSBA #30935
Attorney for Plaintiff

AMENDED COMPLAINT  - 13
14-00383-JCC

LAW OFFICES OF
**MELISSA A. HUELSMAN, P.S.**
705 SECOND AVENUE, SUITE 601
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 447-0103
FACSIMILE: (206) 447-0115