UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KEN FORSBERG,

                Plaintiff,

v.

MTC FINANCIAL, INC. dba TRUSTEE CORPS; HOME ALLY FINANCIAL II, LLC,

                Defendants.

Case No. 14-00383-JCC

**SECOND AMENDED** COMPLAINT FOR VIOLATIONS OF THE CONSUMER PROTECTION ACT, VIOLATIONS OF THE REQUIREMENTS OF THE DEED OF TRUST ACT, NEGLIENT AND/OR INTENTIONAL MISREPRESENTATION, AND UNJUST ENRICHMENT

## I. **PARTIES**

1.1 Plaintiff KEN FORSBERG is currently a resident of Snohomish County, Washington, and he pleads the following allegations, state that those allegations are true of his own knowledge, except as to matters stated on information and belief, and as to those matters, he believes them to be true.

1.2 Mr. Forsberg is the owner of real property located at 2405 W. College Ave, Spokane, Washington 99201 (hereinafter referred to as the "Property").

1.3 Defendant Trustee Corps is a "dba" of MTC Financial, Inc. a Washington

SECOND AMENDED COMPLAINT   - 1
14-00383-JCC

LAW OFFICES OF
**MELISSA A. HUELSMAN, P.S.**
705 SECOND AVENUE, SUITE 601
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 447-0103
FACSIMILE: (206) 673-8220

corporation which is registered with the Washington Secretary of State. The officers of MTC are identified in Secretary of State records from 2012 as President/Chairman/Director Rande Johnson and Secretary/Treasurer/Director Terry Johnsen, with addresses in Santa Ana, California. A Vice President named Luis Ruelas is listed with an address at 17100 7th Avenue, Seattle, Washington. Presently, the Johnson are using an address in Irvine, California and Mr. Ruelas is still listed with the address in Seattle. However, Mr. Forsberg maintains, based upon information and belief, that Mr. Ruelas nor any other Washington resident is actually an officer of MTC Financial. Rather, Mr. Ruelas' name is used in order to give the appearance of complying with the requirements of the DTA that a trustee be a Washington corporation with one of its officers residing in the state. RCW 61.24.010. All of the operations of Defendant Trustee Corps were conducted in California, consistent with the fact that the true officers of the company reside in California. In spite of the fact that Defendant Trustee Corps was not compliant with the requirements of the DTA, it nevertheless has acted as a foreclosing trustee in Washington in connection with an attempted foreclosure of the Property and in connection with the foreclosures of others.

1.4   Defendant Home Ally Financial II, LLC ("Home Ally") is a California limited liability company who appears to be an entity that exists in order to own mortgage loans, some of which are secured by real property located in the State of Washington. Defendant Home Ally was formed on or about August 14, 2013.

1.5   At all times mentioned herein, the Defendants, and each of them, were the agents, servants, representatives and/or employees of each of the remaining Defendants and were acting within the course and scope of such agency or employment. The exact terms and conditions of the agency, representation or employment relationships are presently unknown to

SECOND AMENDED COMPLAINT   - 2
14-00383-JCC

LAW OFFICES OF
**MELISSA A. HUELSMAN, P.S.**
705 SECOND AVENUE, SUITE 601
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 447-0103
FACSIMILE: (206) 673-8220

Plaintiffs, but when the information is ascertained, leave of court will be sought to insert the appropriate allegations.

## II. **FACTUAL ALLEGATIONS**

2.1     Mr. Forsberg is the owner of the Property and has been for several years.  He purchased the Property years ago with monies for the down payment from the sale of another piece of real property.  The Property is a duplex and he purchased it in order to reside there and to rent the other unit to his brother.  They lived in the duplex for several years in this fashion.  Mr. Forsberg obtained a loan to finance the rest of the purchase price from Homecomings Financial Network, Inc. in June 2004 and he signed a Promissory Note payable to Homecomings in connection with that loan.  (Homecomings has also since ceased doing business.)  He also signed a Deed of Trust listing Homecomings as the "Lender" and MERS as the "beneficiary" and nominee for Homecomings.

2.2     At some point during the time period that the loan was being serviced and Mr. Forsberg was receiving monthly statements, the payee changed from Homecomings to GMAC.  Mr. Forsberg had no way of knowing the reason for the change, but he did make his payments to GMAC as a result of the notices that he received instructing him to do so.  However, in Fall 2010, he began to experience financial problems and began speaking with representatives at GMAC about avoiding foreclosure.  He was told by these representatives that he needed to be more than two months behind on the payments in order to qualify for a loan modification so he stopped making payments.  He submitted the paperwork he was sent by GMAC and continued to call in, but got the constant runaround.  Sometime late in 2010, he received another default notice from GMAC and when he called in, he was told to just "pay up" as the only way to avoid foreclosure, so he did bring the loan current.

SECOND AMENDED COMPLAINT   - 3
14-00383-JCC

LAW OFFICES OF
**MELISSA A. HUELSMAN, P.S.**
705 SECOND AVENUE, SUITE 601
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 447-0103
FACSIMILE: (206) 673-8220

2.3     By this time, Mr. Forsberg was not living at the Property and was trying to rent out the units, but he was traveling back and forth a great deal from the Everett area, where he was living, to Spokane in order to care for his parents.  He fell behind on mortgage payments again in January 2011 and was in communication with GMAC about a loan modification.  He submitted a package in April 2011 for review and consideration.  He submitted packages for both his first and second position liens, as they were both being serviced by GMAC.  In July 2011, Mr. Forsberg was told by GMAC to contact a credit counselor and go through a review in order to be approved for a loan modification.  He then received a loan modification offer on the second mortgage but in order to accept it, he would have had to make a large down payment that would have made it impossible for him to pay his living expenses.  He was having trouble during this time with the renters in the Property and had had to spend money to evict some problem tenants.

2.4     Mr. Forsberg told GMAC why he couldn't accept the second mortgage modification, but stressed that he really wanted one on the first mortgage, which he would be able to pay once he got new tenants in the Property.  It had appeared that the second mortgage modification was a requirement in order to get a first mortgage modification.  When suddenly, GMAC rescinded the offer on the second mortgage and provided him with a loan modification on the first mortgage loan.  He began making those payments in August 2011.

2.5     Mr. Forsberg made those modified payments until April 2012 but fell behind again because of other financial problems.  He called GMAC to see what could be worked out but he also asked that all notices be sent to his home address in Edmonds (he was staying with his girlfriend at that time) because they scared the tenants if they were mailed to the Property. He was in regular communication with GMAC and/or Ocwen during 2012 about the default,

SECOND AMENDED COMPLAINT   - 4
14-00383-JCC

LAW OFFICES OF
**MELISSA A. HUELSMAN, P.S.**
705 SECOND AVENUE, SUITE 601
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 447-0103
FACSIMILE: (206) 673-8220

but in spite of that fact, and the fact that he regularly visiting the Property because he stayed there when in Spokane caring for his parents, Andrew Luebke, an agent of Ocwen, broke into the Property. Mr. Forsberg knows that it was Mr. Luebke and that he broke in on October 14, 2012 because he left notes all over the Property identifying himself and the date that he was there. Mr. Forsberg discovered it on October 24, 2012 when he came over to Spokane to see his parents and to try to rent the other unit. Missing from the Property was a guitar and the light timer, which Mr. Forsberg was using to keep lights on in the unit. The deadbolt on one of the doors had been changed, but Mr. Forsberg was able to access the building through another door. He advised people at Ocwen about the damage and the missing items, to no avail.

2.6     Mr. Forsberg had been served with a Notice of Default at the Property on or about October 16, 2012 by NWTS. That NOD demanded payment for the arrears on the loan, which was delinquent by about seven months at that time. Mr. Forsberg did not make the payment demanded within the thirty (30) days permitted by the statute. By December 2012, Mr. Forsberg was living in the Property and trying to make repairs and get another tenant. He was communicating with Ocwen about getting a loan modification and was sending in packages for review. On or about December 28, 2012, an employee of NWTS signed a Notice of Trustee's Sale ("NOTS") and caused it to be served upon the Property setting a sale date for May 10, 2013. (The signature was not dated but indicated that it was "effective" on 12/28/12.) The NOTS read that NWTS was pursing the nonjudicial foreclosure sale on behalf of GMAC Mortgage, LLC pursuant to "an Assignment/Successive Assignments" that was recorded in the records of Spokane County, Washington. However, NWTS certainly knew that GMAC Mortgage, LLC had ceased to exist as a result of the bankruptcy and that Ocwen had acquired the servicing rights from the bankrupt entity in November 2012. Mr. Forsberg maintains, based

SECOND AMENDED COMPLAINT   - 5
14-00383-JCC

LAW OFFICES OF
**MELISSA A. HUELSMAN, P.S.**
705 SECOND AVENUE, SUITE 601
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 447-0103
FACSIMILE: (206) 673-8220

upon information and belief, that NWTS relied upon a Beneficiary Declaration in issuing the NOTS that it knew was untrue because Ocwen was the servicer and the loan owner remains unidentified at this time.

2.7     Mr. Forsberg called again to Ocwen in January 2013 and spoke to someone there who asked again for him to send in another packet.  He agreed to send one in but also received the NOTS at the Property on or about January 2, 2013.  His new tenant found the Notice and was bothered by it, but he was able to smooth things over.  By April 2013, Mr. Forsberg was able to bring the loan current and stop the foreclosure from proceeding.  He was required to pay trustee fees to NWTS that he maintains were not reasonable, as required under the DTA.  He was also required to pay unreasonable and unearned "fees" to Ocwen in order to prevent the foreclosure sale from occurring.  Mr. Forsberg was able to stay current on the loan until sometime in June 2014, when he fell behind again.   He is currently trying to obtain a loan modification again from the servicer, Ocwen, but for every amount of money that he has paid for unreasonable and unearned fees and costs, it diminishes his ability to get the Property back to current.

2.8     Meanwhile, because Mr. Forsberg was delinquent on the second mortgage loan, he received a Notice of Default ("NOD") from Defendant Trustee Corps on behalf of the purported owner of the second mortgage loan.  The NOD was signed and dated May 23, 2014; however, it indicated that the foreclosure was being done by Trustee Corps as a the "Duly Appointed Successor Trustee" on behalf of Defendant "Creditor Home Ally (sic) Financial II, LLC."  On the first page of the NOD, it reads that the foreclosure is being done by MERS, as designated nominee for GMAC Mortgage, LLC, an entity that has not existed for at least two or three years.  Defendant Home Ally was created on August 14, 2013 when it was registered as a

SECOND AMENDED COMPLAINT   - 6
14-00383-JCC

LAW OFFICES OF
**MELISSA A. HUELSMAN, P.S.**
705 SECOND AVENUE, SUITE 601
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 447-0103
FACSIMILE: (206) 673-8220

limited liability company in California.    Presumably, the loan, if it is owned by Defendant Home Ally, was sold in 2013 and it was Defendant Home Ally attempting to foreclose on Mr. Forsberg, and not MERS or GMAC – and this fact was known to Defendant Ally.

2.9    All of the contact information provided for Defendant Trustee Corps identifies the address in Irvine, California.  The only contact information listed for the Defendant in Washington is the Seattle address, which is only to be utilized for tendering reinstatements.  This demonstrates exactly what Mr. Forsberg alleges about Defendant Trustee Corps' business model – it does not actually have an officer who resides in the State of Washington and it does not have an address in Washington state where the foreclosure activity actually occurs.  The "Foreclosure Department" is identified as located in Irvine, California and communications about the debt are directed to that address as well.  The person signing the document is identified as Matthew Kelley, Trustee Sales Officer, presumably an employee located in California where Defendant Trustee Corps is actually doing business, in contravention of Washington law.  RCW 61.24.031.  Further, the NOD does not include the name, address and phone number of the loan owner, as required under the DTA, and it does not include the name, address and phone number for the loan servicer.  RCW 61.24.030(8).

2.10    Mr. Forsberg has suffered damages and injury as a result of all of the actions of the Defendants herein.  Defendant Trustee Corps is presently trying to nonjudicially foreclose on the Property when it is not in compliance with Washington law and does not have the legal authority to do so.  It appears to be doing so at the behest of Defendant Home Ally, even though none of the nonjudicial foreclosure documentation being utilized is in conformity with the requirements of the DTA.  Mr. Forsberg has been required to pay for investigation of his claims related to the actions of these Defendants and has incurred travel costs and expenses

SECOND AMENDED COMPLAINT   - 7
14-00383-JCC

LAW OFFICES OF
**MELISSA A. HUELSMAN, P.S.**
705 SECOND AVENUE, SUITE 601
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 447-0103
FACSIMILE: (206) 673-8220

associated therewith. Further, because of the wrongfully initiated nonjudicial foreclosure sale undertaken by Defendants Trustee Corps and Home Ally, Mr. Forsberg lost tenants who were residing in the property and paying rent, and he has been unable to obtain new tenants given the uncertainty of the situation.

### III.  CAUSES OF ACTION

First Cause of Action
Violation of the Consumer Protection Act
as Against All of the Defendants

3.1   Plaintiff incorporates herein by reference as though fully set forth at length each and every allegation and statement contained in Paragraphs 1 through 2.10, inclusive, of the Factual Allegations.

3.2   All of the Defendants have made numerous misrepresentations about the ownership of the Promissory Note and the "beneficiary" as defined by the Deed of Trust Act, as well as the identify of the owner of the beneficial interest in their Deed of Trust as described more particularly above.  This information impacts the determination as to who has the legal right to attempt to foreclose on Mr. Forsberg's Property.  Mr. Forsberg maintains, based upon information and belief, that these entities have repeatedly engaged in making such misrepresentations to other Washington homeowners and/or there is a substantial likelihood that they will do so in the future.  This is especially true regarding Defendant Trustee Corps given that it has entered into a Consent Decree with the Washington Attorney General in connection with its violations of the requirements of the DTA.

3.3   All of these Defendants have engaged in a pattern of unfair and deceptive business practices in violation of the Washington Consumer Protection Act, RCW 19.86 *et seq.*, as more particularly described above in this Cause of Action and in the Factual Statement.

SECOND AMENDED COMPLAINT   - 8
14-00383-JCC

LAW OFFICES OF
**MELISSA A. HUELSMAN, P.S.**
705 SECOND AVENUE, SUITE 601
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 447-0103
FACSIMILE: (206) 673-8220

All of these violations of the CPA by all of these Defendants entitle Plaintiff to damages, treble damages and reasonable attorney fees and costs pursuant to the statute, as well as permanent injunctive relief to make certain that other Washington consumers are not similarly harmed by the actions of these Defendants.

Second Cause of Action
Intentional and/or Negligent Misrepresentations against
All of the Defendants

3.4     Plaintiff incorporates herein by reference as though fully set forth at length each and every allegation and statement contained in Paragraphs 1 through 2.10, inclusive, of the Factual Allegations, and Paragraphs 3.1 through 3.3, inclusive, of Causes of Action above.

3.5     Plaintiff maintains, as more particularly described above, that all of the Defendants have made numerous intentional and/or misrepresentations regarding their various relationships to Mr. Forsberg' mortgage loan.

3.6     These Defendants have intentionally misrepresented the identities of the true Note Holder and its ability to foreclose on Mr. Forsberg' Property.

3.7     All of these Defendants have made numerous misrepresentations about the identity of the Note Holder, the foreclosing trustee and the entire foreclosure process, as noted more particularly above.

## IV. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

1.     General damages in an amount to be determined at trial;

2.     Treble damages for each and every violation of the Consumer Protection Act, plus attorney fees and costs;

3.     Damages, including emotional distress, by the conduct of the Defendants in an

SECOND AMENDED COMPLAINT   - 9
14-00383-JCC

LAW OFFICES OF
MELISSA A. HUELSMAN, P.S.
705 SECOND AVENUE, SUITE 601
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 447-0103
FACSIMILE: (206) 673-8220

amount to be fully proved at the time of trial;

4. Injunctive relief which may be available under the CPA against the Defendants prohibiting them from engaging in the prohibited acts in the future;

5. Injunctive relief by prohibiting the foreclosure of the Residence by any entity or person until further order of this Court;

6. The value of lost use of Plaintiff's monies, past and future, according to proof at time of trial; and

7. For such other and further relief as the Court deems equitable and just.

Dated this 6th day of February, 2015.

LAW OFFICES OF MELISSA A. HUELSMAN, P.S.

*/s/ Melissa A. Huelsman*_____
Melissa A. Huelsman, WSBA #30935
Attorney for Plaintiff

SECOND AMENDED COMPLAINT   - 10
14-00383-JCC

LAW OFFICES OF
**MELISSA A. HUELSMAN, P.S.**
705 SECOND AVENUE, SUITE 601
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 447-0103
FACSIMILE: (206) 673-8220